UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHY C., | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | )   No. 1:22-cv-00239-JDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       **Defendant** | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in crafting her physical residual functional capacity (RFC). *See* Plaintiff's Brief (ECF No. 13) at 4-20. I agree that the ALJ assessed standing and walking limitations unsupported by substantial evidence and therefore recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.

**I. Background**

Following a prior remand by this Court, the ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of left ulnar neuropathy status-post release, fibromyalgia, generalized anxiety disorder, and post-traumatic stress disorder, *see* Record at 829; (2) retained the RFC to perform light work as defined in 20 C.F.R. § 416.927(b) except that she could stand and/or walk for six hours in an eight-hour workday over a forty-hour workweek and had other physical as well as

1

mental limitations, *see id.* at 833-34; (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 844; and (4) therefore had not been disabled at any time from July 21, 2017, the date her application was filed, through the date of the decision, May 4, 2021, *see id.* at 846. The Appeals Council declined to assume jurisdiction of the case following remand, *id.* at 816-19, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1484(a), (b)(2).

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.  Discussion

The Plaintiff complains that the ALJ erroneously weighed medical opinion evidence bearing on her physical RFC and assessed a limitation that is neither supported by any medical opinion of record nor the product of a layperson's

commonsense judgment that she could stand and/or walk for six hours in an eight-hour workday. *See* Plaintiff's Brief at 10-19. I agree.

In assessing the Plaintiff's physical RFC, the ALJ (1) rejected the opinions of two agency nonexamining consultants that the Plaintiff had no severe physical impairment, *see* Record at 95, 110-11, 841; (2) deemed the opinion of treating physician Laura Caron, M.D., *see id.* at 502-05, "somewhat persuasive to the extent she note[d] a need to alternate positions to relieve pain" but "less persuasive" to the extent that she assessed no exertional limitations (including limitations in standing/walking), *id.* at 841; and (3) rejected an opinion of agency examining consultant Robert N. Phelps, Jr., M.D., *see id.* at 469-76, that the Plaintiff could stand or walk for ten minutes at a time for a total of one hour of standing and one hour of walking in an eight-hour workday, deeming that opinion "more restrictive than suggested by the benign physical examinations in contemporaneous treatment notes," *id.* at 842.[1]

The ALJ explained that "the record supports some exertional limitations in the setting of" fibromyalgia, left ulnar neuropathy, and other nonsevere impairments and that, "[a]s a whole, the [Plaintiff's] combined impairments and related symptoms would support a reduction to at least a light level of exertion." *Id.* at 841-42. He summarized, "The record as a whole supports slightly greater limitations than determined by the [agency nonexamining] consultants and Dr. Caron and greater

---

[1] "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (1983).

exertional ability than identified by Dr. Phelps." *Id.* at 842.

The Commissioner acknowledges that, in assessing the Plaintiff's physical RFC, the ALJ "brokered a middle ground between Dr. Caron['s] and Dr. Phelps's opinions based on normal objective evidence, other opinion evidence, Plaintiff's response to treatment, and Plaintiff's activities," Commissioner's Brief (ECF No. 15) at 7, as a result of which certain RFC findings (including that the Plaintiff retained the capacity to stand and/or walk for six hours in an eight-hour workday) are not supported by any specific expert opinion. However, she urges the Court not to accept the Plaintiff's invitation to "abandon the flexible, case-by-case inquiry that the Social Security Act requires in favor of a categorical rule that remand is warranted whenever the Court cannot trace a particular RFC finding to a particular medical opinion." *Id.* at 14-15.

This Court has not embraced such a categorical rule. However, it has striven to follow First Circuit caselaw instructing that "when . . . a claimant has sufficiently put her functional ability to perform . . . work in issue, the ALJ must measure the claimant's capabilities, and to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person." *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996) (cleaned up).

For example, the First Circuit concluded in *Manso-Pizarro* that the ALJ's finding that a claimant with hypertensive cardiovascular disease retained the capacity to perform prior medium exertional-level work as a cook's helper was

4

unsupported by substantial evidence where no medical expert opined as such, *see id*. at 18-19.  The First Circuit noted, "Even if we were to conclude that substantial evidence documented no more than mild physical impairments with relatively insignificant exertional loss, the record here is sufficiently ramified that understanding it requires more than a layperson's effort at a commonsense functional capacity assessment." *Id*. at 19.

The First Circuit had embraced this principle in cases preceding *Manso-Pizarro* and has hewed to it since. *See, e.g., Ormon v. Astrue*, 497 F. App'x 81, 82-84 (1st Cir. 2012) (holding remand required when an ALJ erred in adopting an agency nonexamining consultant's opinion that a claimant who had suffered a spinal injury in a car accident was capable of light work and, because the case was not one "involving a claimant with 'relatively little physical impairment,' the ALJ could not make an RFC assessment based on the bare medical record") (quoting *Manso-Pizarro*, 76 F.3d at 17); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (holding that an ALJ wrongly ignored both a treating neurologist's "uncontroverted" opinion that a claimant suffered severe pain attributable to spinal stenosis and two related MRIs and "simply was unqualified" as a layperson "to interpret raw medical data in functional terms" to conclude that the claimant retained the capacity to perform sedentary work); *Gordils v. Sec'y of Health & Hum. Servs.*, 921 F.2d 327, 328-29 (1st Cir. 1990) (holding that the record contained substantial evidence to support an ALJ's finding that a claimant retained the capacity to perform sedentary work when the ALJ relied in part on the opinion of an agency nonexamining consultant that the

5

claimant was capable of light work and in part on the opinion of an examining neurologist who provided no express functional conclusions but found "no objective evidence of a disabling back impairment beyond the observation that claimant likely has a 'weaker back'"); *Rosado v. Sec'y of Health & Hum. Servs.*, 807 F.2d 292, 293-94 (1st Cir. 1986) (holding that an ALJ's finding that a claimant retained the capacity to perform sedentary work was unsupported by substantial evidence when the ALJ rejected the sole medical expert opinion of record that the claimant had less than a sedentary work capacity and otherwise relied on "bare medical findings" that "merely diagnose claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities").

The parties debate whether, in this case, those precedents weigh in favor of remand or affirmance. *Compare* Plaintiff's Brief at 17-18 *with* Commissioner's Brief at 15-17 *with* Reply Brief (ECF No. 20) at 11-14. I conclude that the scales tilt toward remand.

The Commissioner argues that although this case involves a light RFC rather than a sedentary one, *Gordils* requires medical opinions "only to translate medical findings that would be 'unintelligible' to a lay person." Commissioner's Brief at 16 (quoting *Gordils*, 921 F.2d at 329). She posits that, in this case, the ALJ did not need a medical expert to conclude that the Plaintiff retained the capacity to perform light work, citing evidence that, insofar as it bears on the Plaintiff's ability to stand/walk, includes (1) Dr. Caron's opinion that the Plaintiff had no exertional limitations, (2) "[s]table fibromyalgia with medication," (3) "[e]xaminations showing intact motor

6

strength in the extremities, normal musculoskeletal range of motion, and no acute neurological deficits," and (4) the "Plaintiff's daily activities." *Id.* at 16-17.

In actuality, *Gordils* cuts against the Commissioner's position for several reasons. First, unlike in *Gordils*, in "broker[ing] a middle ground between Dr. Caron['s] and Dr. Phelps's opinions," *id.* at 7, the ALJ did not adopt Dr. Caron's opinion that the Plaintiff had no limitations on her ability to stand or walk, *see* Record at 841. Second, in *Gordils*, the First Circuit declined to uphold the Appeals Council's actual finding that the Plaintiff could perform light work, explaining, "Although we think it permissible for the [Commissioner] as a layman to conclude that a 'weaker back' cannot preclude sedentary work, we would be troubled by the same conclusion as to the more physically demanding light work." *Gordils*, 921 F.2d at 329. The Commissioner does not explain how this more ramified record, which contains expert evidence that the Plaintiff *could not* perform light work, supports a commonsense finding pursuant to *Gordils* that the Plaintiff *could* perform such work. Third, *Gordils* held that the claimant's ability to perform sedentary work was supported by substantial evidence consisting not only of the ALJ's layperson analysis but also the opinion of an agency nonexamining consultant that the Plaintiff retained the ability to perform light work. *See id.* at 330. While, in *Gordils*, the ALJ "relied in part" on the assessment of the agency nonexamining consultant, *id.* at 328, in this case the

7

ALJ rejected the opinions of agency nonexamining consultants that the Plaintiff had no physical limitations, *see* Record at 94-95, 110-11, 841.[2]

The Plaintiff's activities of daily living do not fill the gap. *See, e.g.*, *Julianne M. F. v. Saul*, No. 1:18-cv-00469-GZS, 2020 WL 616162, at *6 (D. Me. Feb. 10, 2020) (rec. dec.) (holding, in case involving an ALJ's determination of a claimant's physical RFC, that activities of daily living, "standing alone, do not constitute substantial evidence of a capacity to undertake full-time remunerative employment" (cleaned up)), *aff'd* 2020 WL 908110 (D. Me. Feb. 25, 2020).

Switching tack, the Commissioner finally argues that the Plaintiff errs in faulting the ALJ "for not citing affirmative evidence to support certain parts of the RFC, such as her ability to stand and/or walk for six hours in an eight-hour workday," when a claimant bears the burden at Step 4 of establishing the extent of her limitations, and the Commissioner merely bears the burden at Step 5 of showing that the claimant's RFC permits the performance of substantial gainful activity. *See* Commissioner's Brief at 18-19. This argument misses the mark. The question presented is not one of burden of proof, but rather whether the ALJ's RFC determination is supported by substantial evidence.

---

[2] At oral argument, the Commissioner's counsel went further, questioning the Plaintiff's reliance on the *Gordils/Manso-Pizzaro* line of First Circuit authority on the basis that it traces back to *Lugo v. Sec'y of Health & Hum. Servs.*, 794 F.2d 14 (1st Cir. 1986), which (1) cited no authority for the proposition that the Appeals Council was unqualified to make the "medical judgment" that a claimant retained the capacity to perform medium work "based solely on bare medical findings as to [the] claimant's heart condition," *Lugo*, 794 F.2d at 15, and, (2) more importantly, was decided during a time when the Commissioner's regulations defined RFC as a medical assessment, a state of affairs that changed in 1991 when the Commissioner redefined RFC as an administrative assessment. Because "this Court is bound by the decisions of the First Circuit Court of Appeals," *Burnett v. Ocean Props., Ltd.*, 422 F. Supp. 3d 400, 414 n.4 (D. Me. 2019), it is the province of the First Circuit, not this Court, to consider whether its cases were wrongly decided.

At bottom, the ALJ identified no substantial evidence to support his finding that the Plaintiff retained the ability to stand or walk for six hours in an eight-hour workday versus five or fewer hours. As in *Manso-Pizarro*, the record "is sufficiently ramified that understanding it requires more than a layperson's effort at a commonsense functional capacity assessment." *Manso-Pizarro*, 76 F.3d at 19. Remand is therefore required.[3]

### IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: June 28, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[3] In light of this conclusion, I need not address the Plaintiff's other assignments of error.